MAY 5'05 16:00

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES AVIATION UNDERWRITERS INC.**, a New York corporation, individually and on behalf of United States Aircraft Insurance Group,

Plaintiff,

vs.

**CHRIS AIRCRAFT, INC.**, a Rhode Island corporation; **CSL-340 CORPORATION**, a Delaware corporation; and **DOES 1 through 100**, Inclusive,

Defendants.

CASE NO. CA 05 213 S

#148904
2 8/13
LOJAK.M.0505.0077

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs allege:

1.0 [Jurisdiction] This court has subject matter jurisdiction pursuant to 28 U.S.C.A. § 1332(a).

2.0 [AmntCntrvrsy] The amount in controversy in this matter exceeds $75,000.00 exclusive of interest and costs.

3.0 [Venue] Venue is proper in the United States District Court for the District of Rhode Island, under 28 U.S.C.A. § 1391(a), because a substantial part of the events or omissions giving rise to the claim occurred at or about Middletown, Rhode Island, and/or the defendants are subject to personal jurisdiction in this district and there is no district in which this action may otherwise be brought.

4.0 [πCtznshp] Plaintiff UNITED STATES AVIATION UNDERWRITERS, INC. (hereafter "USAU"), is a New York corporation with its principal place of business in New York. Plaintiff USAU is the Manager for United States Aircraft Insurance Group.

5.0 [ΔCtznshp] Plaintiff is informed and believe, and thereon alleges, that:

1. Defendants CHRIS AIRCRAFT, INC. and DOES 1 through 25, and each of them (hereafter collectively referred to as "CHRIS") were and are Rhode Island corporations, with their principal places of business in Rhode Island.

2. Defendants CSL-340 CORPORATION and DOES 26 through 50, and each of them (hereafter collectively referred to as "CSL-340") were and are Delaware corporations, with their principal places of business in Massachusetts.

6.0 [Does401-450] Plaintiff is informed and believes, and thereon alleges, that the defendants named herein as DOES 51 through 100, inclusive, were at all relevant times acting

as designers, manufacturers, suppliers, vendors, sellers. operators, owners, lessors, repairers and/or assemblers of the aircraft described below.

7.0 [Does451-500] Plaintiff is informed and believes, and thereon alleges, that the defendants named herein as DOES 1 through 100, inclusive, were at all relevant times acting as suppliers and/or providers of maintenance, service and/or repairs for the aircraft described below.

8.0 [Does] At all times herein mentioned, the true names and capacities, whether individual, corporate, associate or otherwise of the defendants sued herein as DOES 1 through 100, inclusive, and each of them, are unknown to the plaintiff, and therefore plaintiff sues these defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the defendants named herein as a DOE is legally responsible in some manner for the events described below, and that each such defendant caused the injuries described below. Plaintiff will amend this complaint to state the true names and capacities when the same have been ascertained.

9.0 [Agency] Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, the defendants, and each of them, were the agents, employees and servants of each of the other defendants, and, in doing the things herein alleged, did so within the course and scope of that agency and employment.

/ / /

**10.0 Background:**

10.1 On or about April 24, 2003, a high-powered twin-engine airplane (known as a King Air 300) was owned by CSL-340 and operated with CSL-340's knowledge, consent and permission by CHRIS.

10.2 On or about April 24, 2003, a small single-engine airplane (known as a Cessna P206) owned and operated by Mr. Joseph Ceo was taxiing for takeoff at the Newport State Airport in Middletown, Rhode Island.

10.3 On or about April 24, 2003, the defendants negligently owned, operated and/or entrusted the King Air 300 so close to Mr. Ceo's Cessna so as to cause the blast from the King Air's twin propellers to flip Mr. Ceo's Cessna on its roof without warning.

10.4 Mr. Ceo presented a claim to plaintiff USAU's principals, subrogors and/or assignors, and USAU indemnified Mr. Ceo for the loss of his aircraft and other damages in an amount substantially in excess of the minimum jurisdiction of this Court.

10.5 Mr. Ceo thereafter assigned and pledged his rights and causes of action in connection with the incident to plaintiff USAU, up to the extent of the payments made by USAU and/or its principals, subrogors and/or assignors.

10.6 As a result, plaintiff USAU is equitably, statutorily and/or contractually subrogated to the rights of Mr. Ceo, and plaintiff USAU is a proper Real Party In Interest by way of its rights of subrogation and assignment.

**First Claim for Relief**
**By All Plaintiffs**
**Against All Defendants**
**For Negligence**

11.0 [IncorpByRef] Plaintiff refers to paragraphs 0.0 through 10.6 inclusive, above, and incorporates those paragraphs by reference as though fully set forth herein.

12.0 [Duty1] At all relevant times, the defendants voluntarily undertook, assumed and owed a legal duty to exercise ordinary and reasonable care while testing, inspecting, servicing, modifying, repairing, upgrading, maintaining, overhauling, remanufacturing, operating, leasing, entrusting and/or owning the King Air described above.

13.0 [Breach1] The defendants negligently, recklessly and/or carelessly tested, inspected, serviced, modified, repaired, upgraded, maintained, overhauled, remanufactured, operated, leased, entrusted and/or owned the King Air described above so as to cause Mr. Ceo's smaller Cessna airplane to flip onto its roof on or about April 24, 2003.

14.0 [Duty2] At all relevant times, the defendants voluntarily undertook, assumed and owed a legal duty to warn of dangers associated with the operation and use of the King Air described above, which dangers the defendants knew or reasonably should have known to exist.

15.0 [Breach2] The defendants negligently, recklessly and/or carelessly failed to warn of dangers associated with the operation and use of the King Air described above, which the

defendants knew or reasonably should have known to exist, so as to cause Mr. Ceo's smaller Cessna airplane to flip onto its roof on or about April 24, 2003.

16.0 [Duty3] At all relevant times, the defendants voluntarily undertook, assumed and owed a legal duty to properly and carefully train, supervise, monitor, select, hire, promote and instruct their respective employees, representatives, subcontractors and agents.

17.0 [Breach3] The defendants negligently, recklessly and/or carelessly failed to properly and carefully train, supervise, monitor, select, hire, promote and instruct their employees, representatives, subcontractors and agents so as to cause Mr. Ceo's smaller Cessna airplane to flip onto its roof on or about April 24, 2003.

18.0 [Damages] As a direct and proximate result of the defects described above, Mr. Ceo's Cessna was destroyed and plaintiff suffered damages and losses, including but not limited to costs of repair and replacement, loss of use, loss of income, and damage to other property. These losses and damages would not have occurred but for the negligent conduct of the defendants described above.

19.0 [Damages] As a direct and proximate result of the defendants' negligent conduct described above, the plaintiffs have been damaged in an amount substantially in excess of the minimum jurisdiction of this Court.

**PRAYER**

**WHEREFORE,** the plaintiff prays for judgment against the defendants, and each of them, as follows:

20.0 For general and compensatory damages in sums according to the proof at the time of trial, but not less than the jurisdictional minimum of this court.

21.0 For special damages including, but not limited to, damages for out of pocket expenses, incidental and consequential damages, in sums according to proof at the time of trial.

22.0 For prejudgment interest, costs of suit, and reasonable attorney's fees as permitted by law, if any.

23.0 For such other and further relief as the court deems just and proper.

Dated: May 13, 2005

Gordon P. Cleary, No. 1948
VETTER & WHITE
Attorneys for Plaintiff
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

Jon A. Kodani, Esq.
Jeffrey J. Williams, Esq.
LAW OFFICES OF JON A. KODANI
2200 Michigan Avenue
Santa Monica, CA 90404
(310) 453-6762
(310) 829-3340

**DEMAND FOR JURY TRIAL**

Plaintiff United States Aviation Underwriters, Inc., hereby demands a jury trial as provided by F.R.Civ.P. Rule 38.

Dated: May 13, 2005

Gordon P. Cleary, No. 1948
VETTER & WHITE
Attorneys for Plaintiff
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

Jon A. Kodani, Esq.
Jeffrey J. Williams, Esq.
LAW OFFICES OF JON A. KODANI
2200 Michigan Avenue
Santa Monica, CA 90404
(310) 453-6762
(310) 829-3340