DPW:mdb 05-204 6/17/05

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES AVIATION
UNDERWRITERS, INC.
Plaintiff(s)

v. C. A. No. 05-213S

CHRIS AIRCRAFT, INC. and
CSL-340 CORP.
Defendant(s)

**ANSWER OF DEFENDANT,
CHRIS AIRCRAFT, INC. TO
PLAINTIFF'S COMPLAINT**

**First Defense**

Plaintiff, by its subrogor, Joseph Ceo, voluntarily assumed the risk of the damage to the property owned by subrogor as to which plaintiff has indemnified said subrogor, and for which plaintiff brings this action.

**Second Defense**

Without assuming the burden of proof, defendant avers that any property damage allegedly suffered by plaintiff's subrogor as to which plaintiff has indemnified said subrogor was caused or contributed to by the negligence of said subrogor.

**Third Defense**

**Jurisdictional Allegations**

1.0 Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2.0 Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

3.0 Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4.0 Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

(1) Defendant admits that it is a Rhode Island corporation with a principal place of business in Rhode Island but is without knowledge or information sufficient to form a belief as to the truth of any claim in regard to DOES #1 through #25.

(2) Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**General Allegations**

6.0 Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

7.0 Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

8.0 Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

9.0 Defendant denies that any other defendants were agents, employees or servants of this defendant.

10.1 Defendant admits that the King Air 300 aircraft owned by CSL-340 was operated by defendant on or about April 24, 2003, but is without knowledge or information sufficient to form a belief as to whether such aircraft is a "high-powered" aircraft, as alleged.

10.2 Defendant admits that a Cessna P206 aircraft, owned and operated by Joseph Ceo, was taxiing at the Newport State Airport in Middletown, Rhode Island on or about April 24, 2003, but is without knowledge or information sufficient to form a belief as to whether such aircraft is a "small" aircraft, as alleged.

10.3 Denied as to this defendant.

10.4 Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

10.5 Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

10.6 Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**Claim for Relief**

11.0 Defendant makes the same response to the incorporation by reference of paragraphs 0.0 [*sic*] through 10.6 in this paragraph as defendant made to the original allegations.

12.0 Defendant makes no response to the conclusions of law contained in this paragraph as the same relate to this defendant except to deny the same.

13.0 Denied as to this defendant.

14.0 Defendant makes no response to the conclusions of law contained in this paragraph as the same relate to this defendant except to deny the same.

15.0 Defendant makes no response to the conclusions of law contained in this paragraph as the same relate to this defendant except to deny the same.

16.0 Defendant makes no response to the conclusions of law contained in this paragraph as the same relate to this defendant except to deny the same.

17.0 Denied as to this defendant.

18.0 Defendant is unable to respond to the allegations contained in this paragraph as the same refer to "defects"[?] described in the complaint which have never been described, admit that the Cessna P 206 was damaged but deny that the damage was in any respect caused by negligent conduct of this defendant.

19.0 Denied as to this defendant.

Defendant,
Chris Aircraft, Inc.
By its Attorneys

HANSON CURRAN LLP

David P. Whitman, Esq.
R. I. Bar #0552
146 Westminster Street
Providence, RI 02903
Phone: (401) 421-2154
Fax: (401) 521-7040
E-mail: dpw@hansoncurran.com

AND

Mark R. Giuliani (DPW)

Mark R. Giuliani, Esq.
Kern & Wooley, LLP
280 Trumbull Street
Hartford, CT 06103
Phone: (860) 246-9700
Fax: (860) 246-9699
E-mail: mgiuliani@kernwooley.com

Defendant hereby claims a trial by jury and designates Mark R. Giuliani as trial attorney.

## PROOF OF SERVICE

I hereby certify that on this 17st day of June, 2005, I mailed a true and exact copy of the within *Answer of Defendant, Chris Aircraft, Inc. to Plaintiff's Complaint* to **Gordon P. Cleary, Esq.**, VETTER & WHITE, 20 Washington Place, Providence, RI 02903 by regular mail.

of Hanson Curran LLP